UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CARYN T.,[1] | Case No. 2:23-cv-00119-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| KILOLO KIJAKAZI, | |
| Defendant. | |

This case involves the review of an administrative action by the Commissioner of Social Security denying Caryn T's application for disability benefits under Title II of the Social Security Act. The Court reviewed Plaintiff's Motion for Reversal and/or Remand (ECF No. 9), the Commissioner's Cross-Motion to Affirm and Response (ECF Nos. 11 and 12), and Plaintiff's Reply (ECF No. 13). For the reasons discussed below, the Court affirms the Commissioner's decision and denies Plaintiff's motion.

**I.     BACKGROUND**

On February 6, 2015, Plaintiff filed for disability insurance benefits under Title II of the Social Security Act. ECF No. 7-1 at 22.[2] She alleged an onset date of March 30, 2005, and last met the insured status requirements on September 30, 2010. *Id.* Plaintiff's claim was denied initially and upon reconsideration. *Id.*

Plaintiff's initial hearing before an Administrative Law Judge ("ALJ") was held on July 10, 2017, and the ALJ issued a decision finding that Plaintiff was not disabled on October 17, 2017. *Id.* Plaintiff appealed that decision to the Appeals Council, which denied her request for review on July 13, 2018. *Id.* at 8. Plaintiff then commenced an action for judicial review under

---

[1] In the interest of privacy, this opinion only uses the first name and last initial of the nongovernmental party.

[2] ECF No. 7 refers to the Administrative Record in this matter which, due to COVID-19, was electronically filed. All citations to the Administrative Record will use the CM/ECF page numbers.

42 U.S.C. § 405(g) on September 13, 2018.[3] *See id.* at 1286. On January 24, 2020, the Court remanded the case to an ALJ for further proceedings. *Id.*

Plaintiff's second hearing before an ALJ was held on November 25, 2020, in which the ALJ found that she was not disabled on June 11, 2021. *Id.* at 1338. On June 14, 2022, the Appeals Council remanded the case again, and Plaintiff had a hearing before ALJ Cynthia R. Hoover on October 20, 2022. *Id.* at 1199. ALJ Hoover's November 23, 2022 decision found that Plaintiff was not disabled. *Id.* at 1189. After the Appeals Council declined to review, Plaintiff commenced this action for judicial review under 42 U.S.C. § 405(g) on January 1, 2023. *See* ECF No. 1.

## II.  STANDARD OF REVIEW

Administrative decisions in Social Security disability-benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which [s]he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action. . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

The Commisioner's findings of fact are conclusive if supported by substantial evidence. *See id.*; *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d

---

[3] *Caryn T. v. Berryhill*, 2:18-cv-01777-VCF.

1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the Court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F. 3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence supports more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health & Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, the issue before the Court is not whether the Commissioner could have reasonably reached a different conclusion, but whether the final decision is supported by substantial evidence. *Burch*, 400 F.3d at 679. It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Id.* The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

**A. Disability evaluation process and the ALJ decision**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected. . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The individual also must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R.

§ 404.1514. If the individual establishes an inability to perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that she can make a finding of disability or non-disability, a determination will be made, and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(a)(4)(i). If the individual is engaged in SGA, the ALJ will make a finding of non-disability. If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(a)(4)(ii). If the individual does not have a severe medically determinable impairment or combination of impairments, then the ALJ makes a finding of non-disability. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* § 404.1520(a)(4)(iii). If the individual's impairment or combination of impairments meets or equals the criteria of a listing and the duration requirement, then the ALJ makes a finding of disability. *Id.* § 404.1520(d). Otherwise, the analysis proceeds to step four.

However, before moving to step four, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1560; *see also* SSR 96-8p. In making this

finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1545. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past work ("PRW"). 20 C.F.R. § 404.1520(a)(4)(iv). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years. The work also must have lasted long enough for the individual to learn the job and to have performed an SGA. If the individual has the RFC to perform her past work, then the ALJ makes a finding of non-disability. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual can do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If she can do other work, then the ALJ makes a finding of non-disability. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence demonstrating that other work exists in significant numbers in the economy that the individual can do. *Yuckert*, 482 U.S. at 141–42.

*Here*, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520(a).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of March 30, 2005, through her last-insured date of September 30, 2010. ECF No. 7-1 at 1182.

At step two, the ALJ concluded that Plaintiff had the following severe impairments through the last-insured date: history of spina bifida and tethered cord, post-surgery, and chronic

5

pain. *Id.*

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 through the last-insured date. *Id.* at 1182–83.

Before moving to step four, the ALJ concluded that through the last-insured date, Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) except:

> she could lift and/or carry 20 pound occasionally, and lift and/or carry frequently up to ten pounds; she could stand and/or walk for about six hours in an 8-hour workday, and sit for about 6 hours in an 8-hour workday, with normal breaks; she could frequently climb ramps and/or stairs, but could not climb ladders, ropes, and/or scaffolds; she could frequently stop, and occasionally crawl; she had to avoid concentrated exposure to vibration and should have no more than occasional exposure to hazards such as unprotected heights and dangerous moving machinery such as chainsaws or jackhammers.

*Id.* at 1184.

At step four, the ALJ found that through the last-insured date, Plaintiff could perform her PRW as a waitress and bartender because this work did not require the performance of work-related activities precluded by Plaintiff's RFC. *Id.* at 1188.

At step five, the ALJ found that through the last-insured date, given Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant number in the national economy—in addition to her PRW—that she could have performed, namely as an inspector/hand packager, housekeeping cleaner, and cashier II. *Id.* at 1189. The ALJ then concluded that Plaintiff was not under a disability at any time from the alleged onset date through the last-insured date. *Id.*

### III. ANALYSIS

**A. The ALJ's credibility finding is supported by substantial evidence**

The parties dispute whether the ALJ's credibility finding that discounted Plaintiff's subjective symptom testimony is supported by substantial evidence. *Compare* ECF No. 9 at 10–12 *with* ECF Nos. 11 and 12 at 6–13.

In determining whether a claimant's testimony regarding subjective pain or symptoms is

credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. *Id.* (internal citation and quotation omitted). The claimant is not required to show that her impairment "could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007)). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear, and convincing reasons for doing so." *Id.* (internal citation and quotation omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas,* 278 F.3d at 958 (requiring the ALJ to sufficiently explain why they discounted the claimant's symptom claims). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison*, 759 F.3d at 1015 (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas*, 278 F.3d at 959.

Here, the ALJ found that Plaintiff's impairments could reasonably be expected to cause the alleged symptoms. ECF No. 7-1 at 1185. However, the ALJ found that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id.* The ALJ found that effectiveness of treatment, third-party testimony, and objective medical evidence undermined Plaintiff's symptom testimony. *Id.* at 1185–87. The Court addresses each in turn.

### 1. *Effectiveness of Treatment*

The ALJ discounted Plaintiff's symptom testimony because the record showed little

treatment for Plaintiff's conditions during the relevant period and her treating physicians did not suggest significant additional treatment. ECF No. 7-1 at 1185–87.

The effectiveness of treatment is a relevant factor in determining the severity of a claimant's symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (2011); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (determining that conditions effectively controlled with medication are not disabling for purposes of determining eligibility of benefits); *Tommasetti*, 533 F.3d at 1040 (recognizing that a favorable response to treatment can undermine a claimant's complaints of severe limitations).

On this record and as discussed below, the ALJ reasonably concluded that Plaintiff's impairments, when treated, were not as limiting as she claimed. This ALJ determination is supported by substantial evidence and provides a specific, clear, and convincing reason to discount Plaintiff's pain and symptom testimony.

In support of her adverse credibility determination, the ALJ cited treatment notes from Dr. Coppel, which noted that Plaintiff began treatment at the Nevada Comprehensive Pain Management Center in May 2010 for her prescription narcotics addiction, that an examination of Plaintiff's cervical and lumbar spine revealed normal range of motion and strength, and that additional treatment—such as physical therapy—was not recommended. ECF No. 7-1 at 1186–87. Treatment notes "must be viewed in light of the overall diagnostic record." *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1200–01. Here, records spanning May through August 2010 indicated that Plaintiff was responding well to medication prescribed by Dr. Coppel, that her pain was well-controlled on current medications, and that no physical therapy was needed unless and until she developed significant weaknesses. ECF No. 7-1 at 1186–88.

In short, the ALJ relied on medical records from Dr. Coppel—the physician that treated Plaintiff within the relevant period—to find that she did not have significant limitations performing daily living or work activities. *Id.* at 1188. The ALJ then reasonably concluded that this medical improvement was inconsistent with Plaintiff's pain and symptom testimony. *Id.* As such, the ALJ provided a specific, clear, and convincing reason, supported by substantial

evidence, for making an adverse credibility determination. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009) ("conclud[ing] that the ALJ's resolution between conflicting evidence provided a clear and convincing reason to reject [Plaintiff's] subjective testimony").

### 2. Third-Party Testimony

The ALJ also found that Plaintiff's pain and symptom testimony was not entirely credible because it was inconsistent with medical opinion evidence and a Third-Party Function Report from her mother. ECF No. 7-1 at 1185–87.

In weighing a plaintiff's credibility, the ALJ may consider different factors, including physician and third-party testimony about the nature, severity, and effect of symptoms. *Thomas*, 278 F.3d at 958–59. Here, the ALJ afforded no weight to Drs. Balinger's and Alfreda's opinions because they began treating Plaintiff in 2016—which is more than five years after the last-insured date—so it was "impossible to determine" from the doctors' opinions the true extent of Plaintiff's limitations during the relevant period. ECF No. 7-1 at 1187. The ALJ also reasoned that although the doctors found that Plaintiff's *conditions* were present at birth, the functional limitations that they described were not supported by the medical records during the relevant time period. *Id.* Instead, the ALJ credited Dr. Coppel's medical opinion because he treated Plaintiff in 2010, before her last-insured date. *Id.* at 1185. And Dr. Coppel's treatment indicated that Plaintiff's strength, range of motion, tenderness, and straight-leg test were normal. *Id.* at 1186.

The ALJ also found that the Third-Party Function Report undermined Plaintiff's testimony because it indicated that Plaintiff had difficulty lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, and climbing stairs, whereas Plaintiff's testimony reflected that she did not do chores and did not provide care to her children. *Id.* at 1185. Regardless, the ALJ could not afford weight to Plaintiff's mom's statement because it did not indicate the time period applicable to her observations, and her statements were made five years after the last-insured date. *Id.*

In short, the ALJ reasonably concluded, based on this record, that the medical opinion of Drs. Balinger and Alfreda and the Third-Party Function Report did not support Plaintiff's pain and symptom testimony. The ALJ's finding was a specific, clear, and convincing reason, supported by substantial evidence, to discount Plaintiff's testimony.

### 3. Objective Medical Evidence

Finally, the ALJ found that Plaintiff's allegations were inconsistent with the objective medical evidence, particularly because there were few medical records from the relevant time period. ECF No. 7-1 at 1185.

Plaintiff is correct that the ALJ "may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch*, 400 F.3d at 680. But an ALJ can consider objective medical evidence as "a factor. . . in his credibility analysis." *Id.* This is what the ALJ did here.

Although the ALJ considered the objective medical evidence in making her adverse credibility determination, she also made additional specific findings, including identifying medical opinion evidence (*i.e.*, treatment notes from Dr. Coppel indicating that medical tests were normal on many measures) that did not support Plaintiff's pain and symptom testimony. The ALJ's finding that objective medical evidence is inconsistent with Plaintiff's pain and symptom testimony was—in conjunction with her other findings regarding her medical improvement, medical opinion evidence, and third-party testimony—a specific, clear, and convincing reason, supported by substantial evidence, to discount her pain and symptom testimony. Therefore, the ALJ did not err by relying on objective medical evidence as *a* factor in discounting Plaintiff's pain and symptom testimony. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (noting that although it cannot serve as the sole ground for rejecting a claimant's credibility, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects").

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reversal and/or Remand

(ECF No. 9) is DENIED.

**IT IS FURTHER ORDERED** that the Commissioner's Cross-Motion to Affirm (ECF No. 11) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment in favor of the Commissioner.

DATED this 11th day of March 2024.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE